UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

PEEKSKILL CITY SCHOOL DISTRICT,

                        Plaintiff,

        -against-

COLONIAL SURETY COMPANY,

                        Defendant.

------------------------------------------------------

11 Civ. 341 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

## I. INTRODUCTION

In this action Peekskill City School District ("Peekskill") asserts claims for breach of contract against Colonial Surety Company arising out of Colonial's obligation as surety to ensure that electrical work was completed on the construction of a new middle school. Colonial now moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56(c). The Court grants Colonial's motion on the ground that Peekskill's claims are time-barred.

## II. BACKGROUND

### A. The Performance Bond

The facts relevant to this decision are not in dispute. In February 2006, Peekskill entered into a contract with All Phase Electrical Contracting to perform work on a middle school that was under construction. (Def.'s Local Civil Rule 56.1 Statement of Undisputed Facts ("Def.'s 56.1") ¶ 1.) Shortly after being retained by Peekskill, All Phase (the "Contractor") took out a Performance Bond from Colonial (the "Surety"), essentially providing that Colonial would ensure that the electrical work would be completed if All Phase failed to perform. (Ex. B to Decl. of Adam R. Schwartz dated Feb. 22, 2013.)

The bond contained a provision that has taken on central importance in this litigation. The provision read as follows:

> *Any proceeding*, legal or equitable, *under this Bond* may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and *shall be*

> *instituted within two years after Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first.* If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be available.

(*Id.* ¶ 9 (emphasis added).)

### B. All Phase Files for Bankruptcy Protection

On June 6, 2008, about two years into construction of the middle school, All Phase filed a bankruptcy petition and ceased work on the school. (Def.'s 56.1 ¶ 8.) Three months later, the U.S. Bankruptcy Court for the District of Connecticut lifted the automatic stay in the bankruptcy proceedings to allow Peekskill to make a claim for Colonial to assume its obligations pursuant to the bond. (Ex. 16 to Aff. of Lester Gulitz dated Mar. 22, 2013.) The following week, Peekskill's board passed a resolution terminating its contract with All Phase. (Def.'s 56.1 ¶ 14.)

### C. Colonial and Peekskill Fail to Negotiate a Resolution of Their Dispute

Throughout September 2008, Colonial and Peekskill attempted to negotiate the terms under which Colonial would assume its obligations to perform as set forth in the bond. Those talks largely reached an impasse, and on September 29, 2008, Colonial's counsel wrote to Peekskill's counsel asserting that Peekskill's position in the negotiations that it, rather than Colonial, had the right to choose the electrical contractor who would complete the work "operate[d] to discharge Colonial's obligations under the bond." (Def.'s 56.1 ¶ 27.)

### D. Colonial Files a Declaratory Judgment Action

On October 3, 2008, Colonial filed a declaratory judgment action against Peekskill in the U.S. District Court for the Southern District of New York seeking a declaration, *inter alia*, that Colonial had "fulfilled its duties and obligations under the Bond" and that "Peekskill had breached the Bond and the implied duties of good faith and fair dealing." (Def.'s 56.1 ¶ 30; Ex. N to Schwartz Decl.)

With Colonial's consent, on December 2, 2008, Peekskill wrote the judge who was then presiding over the action — Judge Stephen C. Robinson — to request an extension of time to answer the complaint until after it had filed and served a motion to dismiss. (Ex. 37 to Gulitz Aff.) Peekskill's letter observed that once its motion to dismiss was served, Federal Rule of Civil Procedure 12(a)(4)'s provisions regarding deadlines to answer would apply.[1] (*Id.*) The court granted Peekskill's application on December 8, 2008. (*Id.*; *see* Ex. P. to Schwartz Decl. (docket indicating signature date).)

On December 19, 2008, Peekskill moved to dismiss Colonial's complaint on two grounds. (Ex. O to Schwartz Decl.) First, Peekskill argued that a forum-selection clause deprived the court of subject-matter jurisdiction and venue and also implicated the doctrine of *forum non conveniens*. Second, Peekskill contended that Colonial's complaint failed to state a claim on which relief could be granted.

On October 28, 2010, the court scheduled a hearing on Peekskill's motion for the afternoon of January 5, 2011. (Ex. 53 to Gulitz Aff.) On the morning of January 5, before any hearing had been held or decision had been issued on Peekskill's motion to dismiss the complaint, Colonial voluntarily dismissed the declaratory judgment action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Def.'s 56.1 ¶ 34; Ex. 54 to Gulitz Aff. (Dkt. No. 36).) No further proceedings took place in that action. (Ex. P to Schwartz Decl.) At the time that Colonial filed its voluntary dismissal of its case, Peekskill had neither answered the complaint, nor filed any counterclaims against Colonial, nor initiated suit in any forum against Colonial regarding the events at issue here. (Def.'s 56.1 ¶¶ 33, 36; Pl.'s Local Civil Rule 56.1 Counter-Statement of Material Facts ¶ 36.)

### E. Peekskill Sues Colonial for Breach of Contract

Thirteen days later, on January 18, 2011, Peekskill commenced this action against Colonial by filing a complaint seeking damages for breach of contract. (Def's 56.1 ¶ 35.) After discovery proceedings were completed, Colonial moved for summary judgment on several grounds, including that this action

---

[1] Federal Rule of Civil Procedure 12(a)(4) provides that "[u]nless the court sets a different time, serving a motion" to dismiss the complaint pursuant to Rule 12 extends the time to answer the complaint or file a responsive pleading until "14 days after notice of the court's action" on the motion.

is barred by the requirement of the surety bond that "[a]ny proceeding . . . under th[e] Bond" be instituted within two years of the earliest of the three triggering events listed in paragraph 9 of the bond and set forth above. (Ex. B to Schwartz Decl. ¶ 9; *supra* Section II.A.)

### III. DISCUSSION

#### A. Summary Judgment Standard

In order to prevail on its summary judgment motion, Colonial "must show that 'there is no genuine [dispute] as to any material fact' and that it 'is entitled to a judgment as a matter of law.'" *See Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (quoting Fed. R. Civ. P. 56(c)). As the Court has already noted, the parties do not dispute any material facts that bear on the statute of limitations issue.

#### B. Peekskill's Action is Time-Barred Unless the Statute of Limitations Has Been Tolled.

Because this Court's subject-matter jurisdiction is based on diversity of citizenship and the relevant cause of action — for breach of contract —arose in New York, the Court applies both New York's substantive law and New York's statute of limitations. *See Giordano v. Market Am., Inc.*, 599 F.3d 87, 94 (2d Cir. 2010).

New York law provides that actions for breach of contract "must be commenced within six years," *see* N.Y. C.P.L.R. § 213(2), but parties may "prescribe[] by written agreement" "a shorter time" within which an action must be commenced, *see id.* § 201. New York courts enforce such a shorter limitations period unless there is "proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short." *See Timberline Elec. Supply Corp. v. Ins. Co. of N. Am.*, 72 A.D.2d 905, 906 (4th Dept. 1979).

The parties' memoranda of law make clear that several propositions are uncontested:

- The limitations provision set forth in the bond — which shortens to two years the time within which a "proceeding . . . under th[e] Bond" must be commenced (Ex. B to Schwartz Decl. ¶ 9) — is enforceable.

4

- The time to commence such a proceeding began running on June 6, 2008 when All Phase "ceased working" on Peekskill's middle school construction. (*Id.*; Def.'s 56.1 ¶ 8.)

- Peekskill's action is a "proceeding . . . under th[e] Bond" and is thus subject to the two-year limitations period that the parties agreed to in the bond. (Ex. B to Schwartz Decl. ¶ 9.)

- Peekskill's claims, filed in this Court on January 18, 2011 — more than two years after June 6, 2008 — are untimely unless there is a basis to toll the two-year statute of limitations.

Because Peekskill filed this action two years, seven months and twelve days after All Phase stopped work on the project, the only disputed question is whether there is some reason that Peekskill's claims were tolled for at least seven months and twelve days. The Court now turns to that question.

**C.  Peekskill's Claims Were Never Tolled.**

*1.  Peekskill's Motion to Dismiss Colonial's Declaratory Judgment Action Did Not Toll Claims that Peekskill Never Asserted in that Proceeding.*

Peekskill first urges that the time within which it had to file its claims was tolled while its motion to dismiss Colonial's declaratory judgment action was pending — from December 19, 2008 to January 5, 2011. As authority for that proposition, Peekskill cites Federal Rules of Civil Procedure 12(a)(4)(A) and 13(a)(1).

As quoted above, *see supra* n.1, Rule 12(a)(4)(A) extends the deadline to serve an answer until fourteen days after notice of a court's decision denying a motion to dismiss. Rule 13(a)(1) provides in pertinent part that an answer

> must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

In essence, Peekskill contends that the Federal Rules did not require that it serve an answer to Colonial's complaint until the court had ruled on its motion to dismiss. Because that court never ruled on the motion because Colonial withdrew the action before a decision had been rendered, the

5

argument goes, Peekskill was neither required to answer nor to assert any counterclaims.

Peekskill correctly concludes that it never missed any deadline set by the Federal Rules of Civil Procedure to serve a responsive pleading or assert any counterclaims in Colonial's declaratory judgment action. But it does not follow that the New York limitations period applicable to Peekskill's claims was also tolled. *See* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1419 (3d ed. updated Apr. 2013) ("The text of Rule 13(a) itself does not offer any solution to the problem of whether the institution of an action tolls the running of the limitations period on compulsory counterclaims or reflect any policy on the question. . . . [T]he issue . . . will be determined by reference to state law . . . in diversity actions.").[2]

New York Civil Practice Law and Rule § 203(d) provides that "[a] defense or counterclaim is interposed when a pleading containing it is *served*. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed" (emphasis added). In other words, any counterclaim that Peekskill actually interposed in an answer to Colonial's timely declaratory judgment complaint would also have been timely even if the counterclaim had been interposed more than two years after All Phase had ceased performing construction work. But the fateful problem for Peekskill is that it never served an answer containing any counterclaims in Colonial's action.

*Gazza v. United California Bank International*, 88 A.D.2d 968 (2d Dept. 1982), illustrates the point. There, debtors initiated a declaratory judgment action against a bank, which never interposed a counterclaim in that action. *See id.* at 969. Years later, after the statute of limitations on the bank's claim had run, "the bank finally commenced a separate action." *See id.* A panel of the Appellate Division, Second Department, New York Supreme Court, rejected the bank's argument that its "action . . . should be treated as a counterclaim to the . . . original declaratory judgment action so that the time of

---

[2] The cases that Peekskill cites for the supposedly contrary proposition are inapposite. Those cases address the deadlines to answer complaints, not the tolling of limitations periods. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638–39 (N.D. Iowa 2006) (discussing suspension of deadlines to answer, not tolling of statutes of limitations); *Godlweski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (same).

commencement" of the bank's action would relate back to the filing of the debtors' action. *See id.* at 970. The court explained that "[h]ad the bank . . . asserted such a counterclaim" in the first action, "it would indeed be deemed interposed as of the time of service of the summons in the [first] action." *See id.* But the court determined — properly in this Court's view — that there had never been interposed "a properly pleaded counterclaim." *See id.* Thus, the Second Department panel rejected the bank's tolling argument. Another court in this district has described *Gazza* as recognizing that the bank "had only itself to blame for its failure to take advantage of the chance to counterclaim" during the pendency of the declaratory judgment action. *See Orix Credit Alliance, Inc. v. Horten*, 965 F. Supp. 481, 487 n.5 (S.D.N.Y. 1997).

Indeed, Peekskill could have preserved its claims against Colonial in the declaratory judgment action notwithstanding the fact that that action was voluntarily withdrawn prior to that court ruling on Peekskill's motion to dismiss. All Peekskill had to do was serve an answer containing both its defenses and its counterclaims within the limitations period set forth in the surety bond. In doing so, Peekskill would not have waived any of the defenses raised in its motion to dismiss. Defenses of improper venue and failure to state a claim are not "waive[d]" if a party includes those defenses in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii), 12(h)(2)(A). And Peekskill could have asserted its subject-matter jurisdiction defense and *forum non conveniens* argument even *after* it served its answer. *See* Fed. R. Civ. P. 12(h)(3); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 742 (S.D.N.Y. 2001). Alternately, Peekskill could have commenced *this* action within the two-year limitations period of the bond.

Peekskill simply "fail[ed] to take advantage of" available opportunities to timely assert its claims against Colonial. *See Orix*, 965 F. Supp. at 487 n.5. The course of action that Peekskill did take — filing a motion to dismiss rather than serving an answer asserting both defenses and counterclaims — did not toll Peekskill's claims pursuant to New York law.

### 2. The District Court's December 8, 2008 Order Did Not Toll the Statute of Limitations.

Peekskill's next argument is that the district court's endorsement order granting Peekskill's unopposed request for an extension of time to answer Colonial's complaint until after Peekskill filed its motion to dismiss operated as a "tolling agreement." As noted above, Peekskill's December 2, 2008 letter

7

seeking the adjournment observed that once Peekskill served a motion to dismiss, Rule 12(a)(4) would govern its time in which to answer the complaint in the declaratory judgment action.

This tolling argument fares no better than the last. As the Court has explained, Rule 12 is silent as to the tolling of the statutes of limitations applicable to state-law causes of action. The district court's December 8, 2008 Order had no greater effect than that of Rule 12(a)(4); the Order extended the deadline within which Peekskill could answer that complaint but did not address whether counterclaims that Peekskill had not yet interposed would be time-barred on a future date. For that reason, the Order provides no basis for tolling claims that Peekskill never asserted in that action.

### 3. *There is No Basis for Equitable Tolling of Peekskill's Claims.*

Peekskill next contends that Colonial should be equitably estopped from asserting the bond's statute of limitations as a defense in this action. The thrust of the argument is that "by consenting to [Peekskill's] application to extend its time to answer," Colonial led Peekskill "to believe that Colonial was in accord that it was not necessary for [Peekskill] to answer the complaint (which is to say, to interpose counterclaims) until after the Court ruled on the motion." (Pl.'s Mem. of Law in Opp. to Mot. for Summ. J. ("Pl.'s Opp.") at 10).

"Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts." *See In re Vebeliunas*, 332 F.3d 85, 93–94 (2d Cir. 2003). It is "fundamental to the application of equitable estoppel for [a party] to establish that . . . specific actions by [the party to be estopped] somehow kept [it] from timely bringing suit." *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789 (2012).

As discussed, Peekskill's December 2, 2008 request for an extension of time — to which Colonial consented — was entirely silent as to how the bond's limitations provision would apply to any hypothetical, unasserted counterclaims. Moreover, if that court had in fact granted Peekskill's motion, conferring on Peekskill the dismissal that it sought, Peekskill would have been in precisely the same position that it finds itself in now — with the declaratory judgment action dismissed and Peekskill never having interposed

8

any counterclaims.[3] As Peekskill itself sought dismissal of Colonial's action, it can hardly complain that Colonial took any action, let alone "specific actions," to keep it from asserting its claims in that action. *See Corsello*, 18 N.Y.3d at 789.

Accordingly, Peekskill has "provided no evidence of 'conduct [that] amounts to a false representation or concealment of material facts' and has therefore failed to raise a genuine dispute as to whether" Colonial should be estopped from asserting a statute of limitations defense. *See Picture Patents, LLC v. Aeropostale, Inc.*, 788 F. Supp. 2d 127, 143 (S.D.N.Y. 2011) (quoting *In re Vebeliunas*, 332 F.3d at 93–94).

### D.  Peekskill's Remaining Arguments Lack Merit.

Peekskill also asserts that Colonial should not have been permitted to unilaterally dismiss its declaratory judgment action pursuant to Rule 41(a)(1)(A)(i) after the bond's limitations period had already run. Peekskill argues that court approval was required before that action could have been properly dismissed because both parties had submitted materials outside of Colonial's complaint in the briefing on Peekskill's motion to dismiss. (Exs. 55–60, 62 to Gulitz Aff.) It therefore should have been construed as a motion for summary judgment and dismissal thus required the court's approval. *See* Fed. R. Civ. P. 41(a)(2). Had the court denied Colonial's dismissal request and later denied Peekskill's motion to dismiss, the argument goes, Peekskill would have had the opportunity to answer the complaint and then assert counterclaims.

This Court assumes without deciding that the motion should have been construed as a motion for summary judgment and therefore dismissal of the declaratory judgment action required the approval of the judge overseeing that action; under that assumption dismissal without court approval would have been improper pursuant to Rule 41(a)(1). *See Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989) (holding that "where a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served"), *overruled on other grounds*,

---

[3] *See generally* James A. Beha II, *New York's Statutes of Limitations Affect Counterclaim Strategies and Potential for Recoupment*, 75-Jan N.Y. St. Bar J. 22, 22 (2003) ("[S]ucceeding on a motion to dismiss when no answer has been served . . . does not extend the limitations period for purposes of a subsequent action on the claim." Rule 203(d) "save[s] only *pleaded* claims.").

*Chemiakin v. Yefimov*, 932 F.2d 124, 129 (2d Cir. 1991). Nonetheless, there would still be no basis for this Court to excuse the untimeliness of Peekskill's claims in this action.

Until its opposition to Colonial's motion for summary judgment in this action, Peekskill had never challenged Colonial's Rule 41(a)(1) dismissal of the declaratory judgment action at any time whatsoever. Peekskill cites no authority for the proposition that however erroneous the prior dismissal was, this Court has the power to provide Peekskill a remedy in the form of tolling of its otherwise time-barred claims. Nor is the Court aware of any such authority.

Peekskill asserts one final argument: because New York has "no analogue to FRCP 41(a) whereby a plaintiff may 'sandbag' a defendant having a counterclaim . . . by (in effect) retroactively nullifying an undisputedly valid tolling of the applicable limitations period, by voluntarily dismissing the action," the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), prohibits Colonial from using Rule 41(a)(1) to engineer a dismissal in federal court that it could not in state court. (Pl.'s Opp. at 11.) The Court need not address all of the fallacies underlying this argument; two short remarks will suffice. First, Peekskill never challenged Colonial's dismissal in the forum that could have provided a remedy, *i.e.* the court overseeing the declaratory judgment action. Second, because Peekskill never actually asserted any counterclaims in the declaratory judgment action, the claims that it now seeks to bring were *never* tolled. *See supra* Section III.C.

IV. CONCLUSION

Peekskill has presented no valid argument for tolling the limitations period that otherwise bars its claims in this action. New York law does not provide for tolling because Peekskill never asserted counterclaims in the prior case. Nor has Peekskill introduced any evidence that Colonial concealed material information or misled Peekskill regarding its rights such that equitable estoppel might be appropriate. Instead, Peekskill simply misunderstood the effect of its litigation decisions on the timeliness of its claims that it now seeks to assert outside of the bond's limitations period.

Colonial has demonstrated that it is entitled to judgment as a matter of law in its favor on the basis of the statute of limitations, as to which there is no genuine dispute as to any material fact. The Court therefore grants Colonial's

motion for summary judgment on that ground. The Court does not reach Colonial's alternate arguments in favor of summary judgment.

Dated: New York, New York
March 18, 2014

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.